UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ALAA A. HUSSIN-ALI,

                                        Plaintiff,

v.

MICHAEL CANNON, Section Chief of the
National Name Check Program at the FBI;
MICHAEL CHERTOFF Secretary of the U.S.          CIVIL CASE NO. 07-15221
Department of Homeland Security; U.S.
DEPARTMENT OF HOMELAND
SECURITY; U.S. CITIZENSHIP AND                  HONORABLE PAUL V. GADOLA
IMMIGRATION SERVICES (USCIS); MICK              U.S. DISTRICT JUDGE
DEDVUKAJ, District Director of USCIS-
Detroit District Office; THOMAS
BROWNRIGG, Supervisory District
Adjudicator of USCIS- Detroit; STEPHEN
LEWIS, District Adjudications Officer, Detroit;
MICHAEL MUKASEY, Attorney General of
the United States of America,

                                        Defendants.
_____/


## ORDER DENYING MOTION FOR ORAL ARGUMENT AND MOTION FOR RECONSIDERATION

        Now before the Court is Plaintiff's "Motion for Oral Argument and Reconsideration."

[docket entry #19].  For the reasons stated below, the Court will deny Plaintiff's motion.

        On December 7, 2007, Plaintiff filed a complaint for a writ of mandamus, seeking to compel

Defendants to immediately adjudicate his application for adjustment of immigration status.

Defendants filed a motion to dismiss the complaint, pursuant to  Federal Rule of Civil Procedure

12(b)(1) and 12(b)(6), on May 14, 2008.  Plaintiff filed a response on June 11, 2008.  Before holding

an oral hearing on the matter, the Court issued an order dismissing the cause of action on June 19,

2008. Plaintiff now argues: (1) he was improperly denied oral argument on the matter, pursuant to E.D. Mich. LR 7.1(e)(2); (2) reconsideration of the merits of the motion to dismiss is warranted; (3) the present motion for reconsideration is not untimely because Plaintiff did not receive notice of the dismissal until July 10, 2008.

The Court finds Plaintiff's arguments unpersuasive. First, Plaintiff's present motion for reconsideration is untimely under the local rules. Eastern District of Michigan Local Rule 7.1(g)(1) requires that "A motion for rehearing or reconsideration must be filed within ten days after entry of the judgment or order." E.D. Mich. LR 7.1(g)(1). In the present case, Planitiff's motion seeks reconsideration of the Court's June 19, 2008 order of dismissal. Under the applicable rules, Plaintiff's motion for reconsideration should have been filed no later than July 7, 2008. *See* Fed. R. Civ. P. 6(a),(d); E.D. Mich. LR 7.1(g)(1). Plaintiff argues that the motion should nevertheless be considered because he "did not receive any notice that Plaintiff's cause of action was dismissed until he checked the PACER docket sheet," Pl.'s Mot., p. 3, finally receiving notice of the dismissal on July 10, 2008. However, as a participant in the Electronic Case Filing ("ECF") system, the Court uses the date of the filing of the order as the date of record. *See* ECF Proc. 5(c). Moreover, a review of the docket indicates that when the order was filed on June 19, 2008, a "Notice of Electronic Filing" ("NEF") was sent to Plaintiff's email address of record. This NEF "constitutes notice and service" of the order upon Plaintiff. *See* ECF Proc. 12. Accordingly, Plaintiff's argument that the motion for reconsideration is timely because he did not receive notice of the order of dismissal until July 10, 2008, is without merit. Plaintiff was served with the order on June 19, 2008 and any motion for reconsideration must have been filed by July 7, 2008, in order to be timely. Accordingly, Plaintiff's motion for reconsideration is untimely and may be denied solely on this

ground.

Furthermore, even were the Court to construe Plaintiff's motion as timely, the motion fails. It is well established that the Court may only grant reconsideration in limited circumstances. To succeed on a motion for reconsideration, "[t]he movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(g) (3). A "palpable defect" is "a defect that is obvious, clear, unmistakable, manifest, or plain." *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001) (Gadola, J.). The Court "will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(g) (3). The substantive portion of Plaintiff's motion merely rehashes arguments already considered by the Court and argues that other courts have decided the matter differently. Although the Court recognizes that not every court in the nation would have reached the same result in dismissing Plaintiff's complaint, the Court considered the matter and ruled that it lacked jurisdiction. Indeed, the Court's own order of dismissal recognized that there was disagreement among the courts on the issue. However, the Court also recognized that within this judicial district, the Court's ruling is bolstered by considerable support.[1] As a result,

---

[1] *See e.g., Carter v. Department of Homeland Security*, Case No. 07-12953, 2008 WL 205248 (E.D. Mich. Jan. 24, 2008)(Edmunds, J.); *Maftoum v. Chavez*, Case No. 07-12819, 2007 WL 3203850 (E.D. Mich. Oct. 27, 2007)(Cleland, J.); *Yazbek v. Chertoff*, Case No. 07-12566, 2007 WL 2875462 (E.D. Mich. Oct. 1, 2007)(Zatkoff, J.); *Azadegan v. Chertoff*, Case No. 07-11238, 2007 WL 2822783 (E.D. Mich. Sept. 27, 2007)(Borman, J.); *Kuchumov v. Chertoff*, Case No. 07-12277, 2007 WL 2782045 (E.D. Mich. Sept 24, 2007)(Duggan, J.); *Chehab v. Chertoff*, No. 07-11068, 2007 WL 2372356 (E.D. Mich. Aug. 17, 2007)(O'Meara, J.); *Xu v. Chertoff*, No. 06-15398, 2007 WL 2221401 (E.D. Mich. July 31, 2007)(Steeh, J.); *Khan v. Chertoff*, No. 07-10527 (E.D. Mich. July 26, 2007)(Ludington, J.); *Kiromi v. United States Citizenship and Immigration Services*, No. 07-10446 (E.D. Mich. July 13, 2007)(Cook, J.); *Shen v. Chertoff*, 494 F. Supp. 2d 592, 595 (E.D. Mich. Jul. 9, 2007)(Friedman, J.).

Planitiff's argument on this point fails to present "a palpable defect by which the court and the parties have been misled . . . [and] . . . that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(g)(3).

Finally, Plaintiff's argument that the Court erred in denying the motion without the aid of an oral hearing on the matter does not warrant reconsideration. Plaintiff argues that E.D. Mich. LR 7.1(e)(2) mandates that the Court hold an oral hearing and that, in issuing the order of dismissal without indicating that a hearing was not going to be held, the Court erred.

However, Rule 7.1(e)(2) states that "Oral hearing on all other motions [including a motion to dismiss] will be held <u>unless the judge at any time prior to the hearing orders their submission and determination without oral hearing</u> on the briefs filed as required by this rule." E.D. Mich. LR 7.1(e)(2)(emphasis added). In the present case, the order dismissing the cause of action was the Court's order of determination, prior to a hearing, indicating that the matter would be decided without oral hearing. Although the Court could have expressly stated in the order of dismissal that it concluded that an oral hearing on the matter was not necessary, such a statement would, by implication of the entry of the order without a hearing, be superfluous. Moreover, even were the Court to consider the failure to expressly state that a hearing was not necessary on this matter an error, Plaintiff has not presented sufficient grounds for a motion for reconsideration. Reviewing the matter again, the Court is not persuaded that a hearing on the matter would aid the Court's determination. Consequently, even assuming that the Court erred in this regard, the alleged error

would not result in a different disposition of the case and, therefore, does not warrant reconsideration. *See* E.D. Mich. LR 7.1(g) (3).

Accordingly, for the reasons stated above, **IT IS HEREBY ORDERED** that Plaintiff's "Motion for Oral Argument and Reconsideration" [docket entry #19] is **DENIED**.

**SO ORDERED.**

Dated:    July 17, 2008             s/Paul V. Gadola                
                                           HONORABLE PAUL V. GADOLA
                                           UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on   July 17, 2008   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:           Robert M. Birach; Robert W. Haviland              , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                               .


                             s/Ruth A. Brissaud           
                             Ruth A. Brissaud, Case Manager
                             (810) 341-7845